**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rick Kalinowski, | No. 06-01876-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Davol, Inc., a New Jersey corporation; C.R. Bard., Inc., a New Jersey corporation, | |
| Defendants. | |

Pending before the Court is the Plaintiff's Motion to Remand (doc. 7). The Court now rules on the motion.

I.  INTRODUCTION

This case was filed in Maricopa County Superior Court on June 14, 2006. The Plaintiff, Rick Kalinowski, filed a certificate of compulsory arbitration in the Superior Court certifying that the amount in controversy did not exceed $50,000. Plaintiff is a resident of the State of Arizona. Defendant Davol, Inc., is a New Jersey corporation. Davol's principal place of business is Rhode Island. Defendant C.R. Bard., Inc., is a New Jersey corporation. C.R. Bard's principal place of business is New Jersey.

On July 31, 2006, the Defendants removed this case to the United States District Court for the District of Arizona on the basis of diversity jurisdiction. The Defendants believed the amount in controversy exceeded $75,000, the jurisdictional prerequisite for diversity

1 jurisdiction, because of the alleged $21,855 wage claim, request for treble damages under
2 A.R.S. § 23-355, request for attorney's fees, and request for "other damages" alleged in the
3 Plaintiff's Complaint.

4     The Plaintiff's Response to the Defendants' Motion to Remand states that despite the
5 multiple claims for damages, the Plaintiff does not intend to aggregate the claims, but instead
6 intends only to seek damages "up to the jurisdictional maximum," of $50,000.

7     The Defendants allege that the Plaintiff previously suggested in a prior demand letter,
8 and on the phone, that he did in fact intend to aggregate claims.  However, the Defendants
9 agree that now that the Plaintiff has admitted that he is limiting his claims to $50,000 the
10 requirements of diversity jurisdiction have not been met.  Therefore, the Defendants do not
11 oppose remand to Superior Court.

12     Both parties request attorneys' fees.

13 II.    LEGAL ANALYSIS AND CONCLUSION

14     Federal jurisdiction over a civil action pursuant to 28 U.S.C. § 1332 exists only when
15 there is complete diversity between the plaintiffs and the defendants and the amount-in-
16 controversy requirement has been met.  *Owen Equip. and Recreation Co. v. Kroger,* 437 U.S.
17 365, 373, 98 S.Ct. 2396, 2402 (1978); *Inecon Agricorporation v. Tribal Farms,* 656 F.2d 498
18 (9th Cir. 1981).  In order to achieve "complete diversity," no party plaintiff may be a citizen
19 of the same state as any of the defendants.  *Owen Equipment,* 437 U.S. at 373, 98 S.Ct. at
20 2402; *Inecon Agricorporation,* 656 F.2d at 498.  The jurisdictional amount-in-controversy
21 requirement for civil actions is $75,000.00.  28 U.S.C. § 1332(a).

22     28 U.S.C. § 1447 controls the remand of removed matters for lack of subject matter
23 jurisdiction.  Pursuant to the statute, if a district court determines at any time before final
24 judgment that it is without subject matter jurisdiction it "shall" remand the removed action
25 to the originating state court.  28 U.S.C. § 1447(c); *Bruns v. Nat'l Credit Union Admin.,* 122
26 F.3d 1251, 1257 (9th Cir. 1997).

27     The parties agree that the amount in controversy in this case does not exceed $50,000.
28 Additionally, the Court also points out that diversity of citizenship is not apparent on the face

of the Complaint or the Notice of Removal. The Plaintiff alleges that he is a resident of the state of Arizona, but does not allege a state of citizenship. The Defendants' Notice of Removal suffers from the same defect.

Diversity jurisdiction is based on *citizenship* not residency. To be a citizen of a particular state, a natural person must both be a citizen of the United States and be domiciled within that state. *Newman-Green, Inc. v. Alfonzo-Larrain,* 490 U.S. 826, 828, 109 S.Ct. 2218, 2221 (1989). A person's domicile is his or her permanent home, where he or she resides with the intention to remain or to return. *Lew v. Moss,* 797 F.2d 747, 749 (9th Cir. 1986). A person residing in a given state is not necessarily domiciled there, and also not necessarily a citizen of that state. *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001). Thus, "residency" and "citizenship" are wholly different things under the law. A mere averment of residency in a particular state is *not* an averment of citizenship in that state for the purpose of diversity jurisdiction. *See, e.g., id.* at 857-58. A complaint that fails to specify a party's state of citizenship fails to adequately allege diversity of citizenship. *Id.* The parties in this case have failed to allege the Plaintiff's state of citizenship. Allegations of residency but not citizenship are insufficient to determine the existence of diversity jurisdiction. *Id.*

The Court finds that diversity jurisdiction is not present on the face of the Complaint and the Court lacks subject matter jurisdiction over this case. The Motion to Remand is granted. The Plaintiff's request for attorney's fees is denied. The Defendants' request for attorneys' fees is denied. Each side will bear its own fees and costs.

/ / /

1  Accordingly,

2  IT IS ORDERED GRANTING THE Plaintiff's Motion to Remand (doc. 7). This case
3  is remanded to the Maricopa County Superior Court for further proceedings.

4  DATED this 11th day of September, 2006.

_____
James A. Teilborg
United States District Judge